Weygandt, C. J.,
dissents on the ground that the judgments of the lower courts are correct for at least two reasons.
In the first place, the land was not dedicated to the *355 city of Ashland, and the municipality has paid no consideration therefor. The dedication was for a “public ground.” Under the controlling statute then in effect, the fee thereto was vested expressly in the county. No other body politic is mentioned.
Secondly, under the clear and inescapable provisions of that statute, the land was to be held “in trust to and for the uses and purposes therein named, expressed or intended, and for no other use or purpose whatever.” (Italics supplied.)
The city of Ashland hardly is in position to sell land which it does not own and which, if possessed, could be held only in trust for a public use and no other.